IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RAY SAUNDERS,

                Plaintiff,

v.                                                  CIVIL ACTION NO.  2:07-cv-00655

CHAMP SPORTS, INC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Motion to File Under Seal their Joint Motion for Settlement Approval and to Dismiss this Civil Action [Docket 29].  I will address this Motion in two parts.  For the reasons stated below, the parties' Motion to File Under Seal is **GRANTED** and the parties' Joint Motion for Settlement Approval and to Dismiss this Civil Action is **DENIED**.

**I. Motion to File Under Seal**

The defendants, Champ Sports, Inc., Foot Locker Stores, Inc., Charles Meachum, and William Miller, and the plaintiff, Ray Saunders, have requested leave to file a Joint Motion for Settlement Approval and to Dismiss this Civil Action (with attached Confidential Settlement Agreement and Release of All Claims and Proposed Order) under seal.  In the settlement agreement, which must be kept confidential pursuant to its terms, the plaintiff seeks to waive and release any claims that he might have under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Pursuant to the Fourth Circuit's decision in *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 463 (4th Cir. 2007), however, the parties must obtain prior court approval of the settlement agreement in

order for the plaintiff's FMLA waiver to be valid. The parties therefore have submitted the settlement agreement for my approval of its terms and seek to do so under seal to maintain the agreement's confidentiality.

Confidentiality is necessary in settlement discussions and agreements to encourage candor and participation in the negotiations by all parties. *See Sears, Roebuck & Co. v. EEOC*, 581 F.2d 941, 948 (D.C. Cir. 1978); *Stephens v. County of Albermarle*, 422 F. Supp. 2d 640, 644 (W.D. Va. 2006)*; cf. Young v. State Farm Mut. Auto Ins. Co.*, 169 F.R.D. 72, 76 (S.D. W.Va. 1996) (discussing the public policy of encouraging settlements by maintaining confidentiality in the context of discovery). Accordingly, I **FIND** that the parties' privacy interest in the proposed settlement agreement outweighs the need for public access to this document, particularly because the parties did not voluntarily elect to file the settlement agreement with the court but were required to do so under *Taylor*. *Cf. DBI Architects, P.C. v. Am. Exp. Travel Related Svcs. Co.*, 462 F. Supp. 2d 1, 7-8 (D.D.C. 2006) (denying motion to seal in a case where the court did not need to know the terms of the settlement agreement and parties could file redacted copy); *Stephens*, 422 F. Supp. 2d at 643-44 (finding that, where the defendants elected to file the settlement agreement with the court, they had a diminished interest in its confidentiality). Because exceptional circumstances in this case warrant that these documents be sealed pursuant to Local Rule of Civil Procedure 26.4, the parties' Motion to File Under Seal is **GRANTED**.

**II. Joint Motion for Settlement Approval and to Dismiss this Civil Action**

The parties seek my approval of the Confidential Settlement Agreement and Release of All Claims, which all of the parties have signed. The Fourth Circuit has determined that a regulation implementing FMLA, 29 C.F.R. § 825.220(d), precludes the prospective and retrospective waiver

of all FMLA claims. *Taylor*, 493 F.3d at 456-57, 463. In reaching that conclusion, the *Taylor* court relied upon the language of that regulation, which reads: "Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA." *Id.* at 457 (quoting 29 C.F.R. § 825.220(d)) (internal quotation marks omitted). The *Taylor* court also reasoned that a waiver "would thwart the legislative policy which [the employment law] was designed to effectuate." *Id.* at 460 (internal quotation marks omitted). The private settlement of FMLA claims frustrates Congress's minimum floor of protection for employees and imposition of uniform standards among employees. *Id.* Moreover,

> [b]ecause the FMLA requirements increase the cost of labor, employers would have an incentive to deny FMLA benefits if they could settle violation claims for less than the costs of complying with the statute. Further, employers settling claims at a discount would gain a competitive advantage over employers complying with the FMLA's minimum standards.

*Id.* "To avoid these problems, section 220(d) . . . prohibits the waiver of all FMLA rights. All employers are held to providing the minimum leave specified, without the option to deny it and buy out claims at a later date." *Id.*

*Taylor* does permit such waivers, however, if parties obtain prior court approval. *Id*. at 463. Pursuant to *Taylor*, I conclude that I must review a settlement agreement that purports to waive FMLA claims in light of the goals Congress intended to implement when it enacted the statutory scheme. *See id*. at 460. The parties in this case have provided me with no guidance in this determination and have not attempted to persuade me that the benefit to this particular plaintiff outweighs the Congressional policies against the waiver of FMLA claims. The Joint Motion for Settlement Approval and to Dismiss this Civil Action therefore is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     December 8, 2008

                _____
                Joseph R. Goodwin, Chief Judge